UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LARRY WAYNE WEATHERS**                                                              **PLAINTIFF**

v.                                                                 **CIVIL ACTION NO. 3:07-CV-462-S**

**GRANGE INSURANCE et al.**                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Larry Wayne Weathers, filed a *pro se*, *in forma pauperis* complaint alleging violation of the constitution (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues Grange Insurance, Gary Coleman and TG Kentucky. He states that on September 22, 2003, a car being driven by Defendant Coleman struck the rear-end of Plaintiff's car as Plaintiff was turning into his workplace at TG Kentucky. Plaintiff states that Defendant Coleman's insurer, Grange Insurance, paid for Plaintiff's car and that on March 10, 2004, Plaintiff signed a release of claims. He states that he was not paid for lost wages or workers compensation. Plaintiff alleges that he then discovered Kentucky's Mental Health and Hospitalization Act, KRS 202A.006, which Plaintiff believes applies to him because he is an "out-patient" from Eastern State Hospital. He states that he filed suit in state court on June 2, 2004, claiming lost wages from the automobile accident. He states that the state court dismissed his suit on June 21, 2004, without appointing counsel for him under state rules and statutes. He states that he filed an appeal in the state appellate court citing to the Fourteenth Amendment. According to the complaint, the final disposition of that case was in August 2006 and his

subsequent petition for rehearing and belated motion for discretionary review were denied without an attorney being appointed for him. Plaintiff alleges that his Fourteenth Amendment rights of due process and equal protection were violated because he lacked the mental capacity to sign the release without an "overseer."

As relief, Plaintiff asks to have an attorney appointed for him under state law and a "transfer to agency of the United States and Federal Rules of Civil Procedure," monetary damages, appointment of counsel in this case, and appointment of an attorney and federal investigator to investigate all aspects of this suit and award all benefits Plaintiff is entitled.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

First, Plaintiff cannot properly plead a violation of the Fourteenth Amendment because that Amendment does not apply to private entities such as Defendants in this action. *See Shelley v. Kraemer*, 334 U.S. 1, 13, 68 (1948). State action is required for Plaintiff to bring these claims, and Plaintiff has not alleged that any of the defendants are state actors. Although a private party may be considered a state actor in certain situations, it is not necessary for the Court to consider whether any of Defendants' actions are fairly attributable to the state in this case because Plaintiff's complaint does not allege that any of the defendants violated his constitutional rights by not appointing an attorney for him.[1] His allegations are that the *state courts* deciding his case stemming from the automobile accident did not appoint an attorney for him in violation of his constitutional rights. The state courts are not named defendants in this action. Consequently, the Court will dismiss the complaint as frivolous.

---

[1] The Supreme Court has articulated three tests for determining who are state actors: (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *Flagg Bros.* v. *Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170 (1970). *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936-39 (1982) (for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (same). It does not appear to the Court that under any of these tests would any of the defendants be considered a state actor.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint as frivolous.

Date:

cc:	Plaintiff, *pro se*
	Defendants

4411.009